UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHIAS LEGUIRE, et al.,

Plaintiff,

v.

THE CITY OF FINDLAY, et al.,
MAYOR CHRISTINA MURYN,
DONALD RASMUSSEN,
ERIK ADKINS,
FINDLAY CITY COUNCIL MEMBERS,
GRANT RUSSEL, JEFF WOBSER, RANDY GREENO,
JIM NIEMEYER, BRIAN BAUMAN, JIM SLOUGH, BRIAN BAUMAN
BETH WARNECKE, DENNIS HELLMAN, JOHN HARRINGTON,
HOLLY FRISHE
318 DORNEY PLAZA
FINDLAY, OH

DICK'S TOWING SERVICE,
ERIK STERNS,
4404 ALLEN TOWNSHIP 142
FINDLAY, OH 45840

FINDLAY CITY POLICE DEPARTMENT,
CAPTAIN JIM MATHIAS, OFFICER JOE SMITH,
LT. DAVID HILL,
318 DORNEY PLAZA
FINDLAY, OH

SHERIFF MICHAEL HELDMAN,
200 W. CRAWFORD ST.
FINDLAY, OH 45840

CHRISTOPHER NEELY
841 HAWTHORNE RD.
FINDLAY, OH 45840

CIVIL ACTION NO:

3:23 CV 1123

COMPLAINT
42 1983 Civil Right
Violation with (Jury
Demand Endorsed Hereon)

JUDGE JAMES G. CARR

MAG JUDGE CLAY

FILED
JUN 05 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

DAVID YOST, OHIO ATTORNEY GENERAL
30 E. BROAD ST., 14TH FLOOR
COLUMBUS, OH 43215

Defendants, all of the above parties are being sued officially and individually.

Plaintiff Matthias Leguire ("Leguire" or "Plaintiff") brings this Complaint against Defendants The City of Findlay (hereinafter "CITY") (herinafter "CITY" refers to Mayor Christina Muryn, Donald Rasmussen, Erik Adkins, Findlay City Council Members, Grant Russel, Jeff Wobser, Randy Greeno, Jim Niemeyer, Brian Bauman, Jim Slough, Beth Warnecke, Dennis Hellman, Brad Wisener, John Harrington), Dick's Towing Service ("Dick's) herinafter "Dick's" refers to Erik Stearns, Erik Stearns ("Stearns"), Findlay Police Department ("POLICE"), Captain Jim Mathias, Officer Joe Smith, Lt. David Hill, Erik Adkins, Sheriff Michael Heldman, Mayor Christina Muryn, Donald Rasmussen, Findlay City Council Members, and Christorpher Neely (collectively, "Defendants"), As used below the "City" is the City of Findlay, Mayor Muryn, Erik Adkins, Donald Rasmussen, and City Council; "Police is Findlay Police Department, Officers Mathias, Smith, and Hill; "Dick's" is Erik Stearns and Dick's Towing and Christorpher Neely (herein again Neely; the word "Defendants" is used all of the above (collectively).

and alleges as follows:

## INTRODUCTION

1. Leguire brings this action to stop the widespread and repeated deprivation of its property without regard to the well-settled and fundamental constitutional rights to be free from unreasonable seizures and to due process of law under the United States and Ohio Constitutions. Specifically, CITY, Dick's, POLICE, Officer Joe Smith, Lt. David Hill, Erik Adkins, Mayor Christina Muryn, and Donald Rasmussen routinely work in tandem to seize motor vehicles - including two at issue here - as part of CITY's ill-advised and overly aggressive revenue-raising scheme relating to complaints.

2. CITY and Dick's leverage the hardship of seizure and subsequent threat of disposal of motor vehicles to force payment of unadjudicated parking tickets <u>and</u> to force turn over of additional, un-owed monies and other things of value to CITY and Dick's (including, but not limited to, releases of liability and towing and storage charges).

3. Here, CITY, POLICE, and Dick's seized and detained two vehicles in which Leguire held ownership, then extended the length of deprivation - all while alleging storage charges continued to accrue - by insisting that a myriad of financial, legal and documentary conditions be satisfied before Leguire could recover the vehicle.

4. CITY, POLICE, and Dick's seized the vehicle from private property and demanded monies and other things of value in exchange for the vehicle's release (a) without a warrant or valid exception to the warrant requirement, <u>and</u>, (b) without affording Leguire a hearing before and impartial decision-maker, with adequate notice, wheat Leguire could protect its interests in the vehicles.

5. As the decision maker and person in control of Dick's, Erik Stearns is liable to Leguire for all actions of Dick's and all damages charged to Dick's.

6. Defendants continue to hold the vehicles from Leguire to this day, claiming their cations are protected by police authority and claiming they are owed a lien for towing and storage charges, accrued and continuing to accrue, purportedly having priority over Leguire's rights, without valid basis for continued seizure or due process of law.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as 28 U.S.C. § 2201, relating to Defendants' deprivation of Leguire's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court for all suits brought pursuant to 42 U.S.C. § 1983, as well as 28 U. S. C. § 1331, which provides for original jurisdiction in this Court for all causes of action arising under the Constitution and laws of the United States.

9. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. § 1367 for inter-related state law claims which arise from the occurrences giving rise to Federal Claims and which have a common nucleus of operative fact.

10. Venue lies in the Court pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Matthias Leguire ("Leguire") is a Findlay City Resident of 830 E. Sandusky Street. Leguire is the holder of the duly recorded and perfected security interest in the 2005 Chrysler Town and Country and the Baretta 187 Mercruiser trailered boat (the "Subject Vehicles").

12. Defendant The City of Findlay (herinafter "CITY") is a municipal corporation organized and existing under the laws of the State of Ohio.

13. Defendant Dick's Towing Service ("Dick's) is, upon information and belief, a business entity organized and existing under the laws of the State of Ohio and operating as a business engaged in the towing and storage of motor vehicles. Dick's is, upon information and belief, physically in possession of the Subject Vehicles.

14. Defendant Erik Stearns is a citizen of the State of Ohio and the owner and person responsible for the practices and decisions made by Dick's.

15. Defendant, The Findlay Police Department, ("POLICE") is a police department organized and existing under the laws of the State of Ohio.

16. Defendant Captain Jim Mathias is a citizen of the State of Ohio and the acting police chief for the CITY.

17. Defendant Officer Joe Smith is a citizen of the State of Ohio and police officer for the CITY Zoning Division.

18. Defendant Lt. David Hill is a citizen of the State of Ohio and a Lieutenant in the POLICE.

19. Defendant Erik Adkins is a citizen of the State of Ohio and the Zoning & Flood Plain Administrator for the City of Findlay.

20. Defendant Sheriff Michael Heldman is a citizen of the State of Ohio and the duly elected sheriff of Hancock County.

21. Defendant Mayor Christina Muryn is a citizen of the State of Ohio and the elected mayor of the city of Findlay.

22. Defendant Donald Rasmussen is a citizen of the State of Ohio and the elected Law Director for the City of Findlay.

23. Defendant Christopher Neely is a citizen of the State of Ohio residing at 841 Hawthorne Road, Findlay, Ohio.

24. Defendant Findlay City Council Members are citizens of the State of Ohio and are elected to serve two year terms on the council.

25. Defendants, All of the above parties are being sued officially and individually.

## FACTS COMMON TO ALL COUNTS

### Leguire's Interest in the Subject Vehicles

26. As of about September 1, 2009, Leguire held the title for the Subject Vehicles.

27. Leguire purchased the Subject Vehicles.

### Seizure of the Subject Vehicles

28. CITY (herein "Erik , POLICE, Dick's, and Erik Stearns seized the Subject Vehicles.

29. Specifically, on May 30, 2023 CITY, POLICE, and Dick's seized and took possession and custody of the Subject Vehicles, allegedly pursuant to the POLICE officers acting within their duties as law enforcement officers.

30. Upon information and belief, the reason for CITY, POLICE, and Dick's seizure of the Subject Vehicles related to vehicles not having current registration allegedly required to retain property.

31. CITY and POLICE engaged Dick's to tow vehicles, and pursuant to that engagement, utilized Dick's to tow and hold the Subject Vehicles.

32. At the time of seizure by CITY, POLICE, and Dick's the Subject Vehicles was legally parked on private property.

33. Leguire has not been charged with any wrongdoing relating to the Subject Vehicles.

### CITY, POLICE, and Dick's Impressed and ExParte Lien as of the Date of the Seizure

34. Neither CITY, POLICE, nor Dick's arranged to notify Leguire of the seizure of the Subject Vehicles, either before or after towing the Vehicle.

35. On May 30, 2023 Leguire discovered Officer Joe Smith and Dick's on his private property located at 830 E. Sandusky Street, Findlay, OH loading the Subject Vehicles onto a tow truck as they entered the property from the rear without notice.

36. On May 30, 2023, Leguire contacted all parties to seek return of possession of the Subject Vehicle.

37. On June 2, 2023 on the telephone Leguire spoke with a Dick's representative named "Kim" Kim stated that Leguire could not redeem or recover the Subject Vehicles unless Leguire first (i) paid a $254.00 "tow fee," (ii) paid an $50.80 fuel surcharge fee, (iii) paid an administrative fee $25.00 for each of the two Subject Vehicles.

### CITY, POLICE, AND DICK'S REFUSED TO RELEASE THE VEHICLE

38. Leguire contacted CITY, POLICE, and Dick's to recover the Subject Vehicles and Dick's stated that Leguire could not recover the Subject Vehicle unless Leguire paid all towing, fuel surcharge, and administrative fees demanded by Dick's with cash.

39. Leguire would have been required to satisfy Dick's demands to obtain possession of the subject vehicle.

40. Leguire was not required to comply with Dick's demands, which were not authorized by any law.

### CITY, POLICE, Dick's and Erik Stearns Deprivation of Leguire's Right to be free from unreasonable seizure of the Subject Vehicles

41. The above-described conduct is consistent with CITY, POLICE, and Dick's regular policies, customs and/or practices relating to the seizure of a motor vehicles relating the alleged enforcement of unregistered vehicles on private property.

42. CITY and POLICE are government actors, and Dick's took these actions under color of law and/or in concert with CITY and POLICE.

43. Upon information and belief, Erik Stearns was and is the person responsible for creating and implementing Dick's regular practices, including the practice of impressing an ex parte lien for towing and storage on a seized vehicle, the practice of refusing to allow a property owner to recover a vehicle without paying towing, fuel, and administrative fees in cash.

44. CITY, POLICE, and Dick's conduct in (a) initially towing the vehicle, and (b) in retaining possession both meaningfully interfered with Leguire's projectile property interests in the Subject Vehicles.

45. CITY, POLICE, and Dick's did not obtain a warrant nor have a valid exception to the warrant requirement, either before seizing the Subject Vehicles or while continuing to withhold possession of the vehicle from Leguire.

46. Neither CITY, POLICE, nor Dick's secured judicial review over the initial search of the Subject Vehicles, either before or after seizing and detaining said vehicles.

47. Neither CITY, POLICE, nor Dick's secured judicial review over (a) the initial seizure, or (b) the continued retention of the Subject Vehicles, either before or after seizing and detaining said vehicles.

48. By seizing the Subject Vehicles in the first place, _and_ by continues to withhold possession of the Subject Vehicle, unless Leguire coupled with CITY, POLICE, and Dick's demands, CITY, POLICE, and Dick's deprived Leguire of his right to be free from unreasonable searches and seizures secured by the Fourth Amendment to the United States Constitution and the Ohio State Constitution.

49. CITY, POLICE, and Dick's tow and detain many vehicles every year without a warrant or valid exception to the warrant requirement, and therefore equally deprive numerous others of the same rights.

50. Because there is no judicial review of CITY, POLICE, and Dick's conduct, CITY, POLICE, and Dick's ensure that there is an unreasonable seizure every time CITY, POLICE, and Dick'impress a lien on a subject vehicle, while continuing to detain it against the owner and/or lienholder.

51. The rights CITY, POLICE, and Dick's violate are so well settled that CITY, POLICE, and Dick's actions amount to deliberate indifference by Erik Stearns (the person who sets Dick's policies) to these well settled constitutional rights.

## CITY, POLICE, Dick's, and Erik Stearns Deprivation of Leguire's Property Rights in the Subject Vehicles Without Due Process of Law

52. The above-described conduct is consistent with CITY, POLICE, and Dick's regular policies, customs and/or practices relating to the seizure of motor vehicles relating to the alleged enforcement of unregistered vehicles on private property.

53. CITY, POLICE, and Dick's failed to properly provide Leguire with notice of (a) seizure of the Vehicles, (b) a procedures to recover possession of the Vehicles, and/or (c) procedures to challenge CITY, POLICE, and Dick's conduct and the legitimacy of their demands.

54. CITY, POLICE, and Dick's do not have a procedure for providing persons who wish to challenge CITY, POLICE, and Dick's initial seizure and/or continued detention of a vehicle with an opportunity to be heard before a neutral decision-maker.

55. CITY, POLICE, and Dick's, acting under color of law, impress *ex parte* possessory liens for charges against vehicles, including the Subject Vehicles, without first providing for a hearing before an impartial decision-maker, with adequate notice, wheat Leguire or any other person could protect their interest in the vehicles and/or challenge the charges or imposition of the lien.

56. CITY, POLICE, and Dick's do not have a procedure for providing persons who wish to challenge the propriety of CITY, POLICE, and Dick's conditions for release of vehicles with an opportunity to be heard before a neutral decision-maker.

57. CITY, POLICE, and Dick's failure to have such procedures ensures that there is a denial of Due Process every time CITY, POLICE, and Dick'CITY, POLICE, and Dick's tow a vehicle, impress a lien, and continue to withhold possession while demanding money and/or other things of value (*i.e.* a release) as a condition for release of a vehicle.

58. CITY, POLICE, and Dick's actions deprive Leguire of his right to Due Process as secured by the United States Constitution, as well as the Ohio State Constitution. CITY,

POLICE, and Dick's tow and detain many vehicles every year and equally deprive numerous others by similarly impressing liens on those other's vehicles without notice and a hearing, contrary to both Federal and Ohio State Constitutions.

59. The rights CITY, POLICE, and Dick's violate are so well settled, that CITY, POLICE, and Dick's actions amount to deliberate indifference by Erik Starns (the person who sets Dick's policies) to these well settled constitutional rights.

60. CITY, POLICE, and Dick's continue to hold and detain the Subject Vehicles and continue to assert that they are entitled to payment for towing, fuel, and administrative fees which has priority over Leguire's rights.

## COUNT I

### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983

### (Deprivation of Property Without Due Process of Law and Deprivation by Unreasonable Seizure in violation of the Fourteenth and Fourth Amendments to the United States Constitution)

61. Leguire realleges and incorporates herein by reference each of the foregoing allegations of the complaint.

62. Prior to CITY, POLICE, and Dick's involvement with the Subject Vehicles, Leguire had the first priority and security interest in the Subject Vehicles.

63. At all times relevant to this action, Leguire had the immediate right to take possession of the Subject Vehicles pursuant to the terms of Leguire's security agreement.

64. CITY, POLICE, and Dick's acted under color of state and local law to deprive Leguire of his property interests in the Subject Vehicles by seizing and detaining the Subject Vehicles without providing any form of notice or hearing whereat Leguire could protect his interests.

65. CITY, POLICE, and Dick's acted under color of state law to deprive Leguire of his property interest in the Subject Vehicles by impressing a lien for towing, fuel, and

administrative fees against the Subject Vehicle without having provided notice-prior to claiming to attach the lien-to Leguire that CITY, POLICE, and Dick's intended to impress a lien that would supposedly supersede Leguire's interests.

66. CITY, POLICE, and Dick's also acted under color of state law to deprive Lguire of his property interests in the Subject Vehicle by impressing a lien for towing, fuel, and administrative fees against the Subject Vehicle without having provided a hearing wheat Leguire could protect its interests from such supposed lien.

67. The initial search of Leguire's private property by Lt. Hill and Officer Smith was wrongful and violated the Fourth Amendment prohibition against unreasonable searches because CITY, POLICE, and Dick's had no warrant and no exception to the warrant requirement existed.

68. The initial seizure of the Subject Vehicle by CITY, POLICE, and Dick's and the subsequent seizure which occurred once the subject vehicles was detained at the Dick's premises was wrongful and violated the Fourth Amendment prohibition against unreasonable seizures because CITY, POLICE, and Dick's had no warrant and no exception to the warrant requirement existed.

69. The initial seizure of the Subject Vehicles by CITY, POLICE, and Dick's was wrongful and violated the Fourteenth Amendment guarantee of Due Process because CITY, POLICE, and Dick's afforded no opportunity for a pre-seizure hearing with adequate notice and there were no exigent circumstances justifying pre-hearing seizure.

70. The detention of the Subject Vehicle was wrongful and violated the Fourteenth Amendment guarantee of Due Process because CITY, POLICE, and Dick's, working in concert, imposed a series of unjustifiable conditions to release designed to financially benefit both CITY and Dick's without having any procedure for affording the opportunity to contest the detention with adequate notice to all parties with interests in the vehicles. The conditions impressed by CITY, POLICE, and Dick's were:

(a). CITY, POLICE, and Dick's would not permit the vehicle to be released until all fees demanded by Dick's were paid with cash.

71. The conditions imposed by Dick's were:

    A. Leguire pay $254.00 "impound fee" per vehicle

    B. Leguire to pay $50.80 "fuel surcharge fee" per vehicle

    C. Leguire to pay $25.00 "administrative fee" per vehicle

72. The impressment of a lien against the Subject Vehicles by CITY, POLICE, and Dick's was wrongful and violated the Fourteenth Amendment guarantee of Due Process because CITY, POLICE, and Dick's, acting in concert, and for their mutual benefit and enrichment created all of the circumstances underlying the purported lien for towing, fuel surcharge, and administrative fees, without having any procedure for affording the opportunity for a hearing to contest such liens, with adequate notice.

73. Dick's action in using the authority delegated by CITY and POLICE to tow the Subject Vehicles, and then using such authority and state law to deprive Leguire of his property rights in the Subject Vehicles without pre-deprivation notice and the opportunity for a hearing, violates the Due Process guarantee of the Fourteenth Amendment to the United States Constitution.

74. Dick's and Erik Stearns knew or should have known that it was unconstitutional to create a towing, fuel surcharge, and administrative fees Lien for the period of time that the CITY was detaining the vehicle where notice and a hearing upon the validity of such lien had not been afforded to the persons with property interests in the Subject Vehicles, including Leguire.

75. CITY, POLICE, and Dick's action in using the police power to detain the Subject Vehicles without cause, after any law enforcement purpose for the initial seizure ended, violates the Fourth Amendment to the United States Constitution.

76. CITY, POLICE, Officer Smith, Lt. Hill, Erik Adkins, Captain Jim Mathias, Donald Rasmussen, Mayor Christina Muryn, Dick's, and Erik Stearns knew or should have known that it was unlawful and unconstitutional to detain a vehicle without a warrant or exception to the warrant requirement after the law enforcement justification for the initial seizure ended.

77. As a direct and proximate result of CITY, POLICE, and Dick's violation of Leguire's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and its right to Due Process under the Fourteenth Amendment to the United States Constitution, Leguire has suffered damages based upon the lost value of the Subject Vehicles.

78. From the time of CITY, POLICE, and Dick's impound of the Subject Vehicles, the vehicle has depreciated in value to the direct damage of Leguire.

79. CITY, POLICE, and Dick's refusal to release the Subject Vehicles deprived Leguire of the use of the Subject Vehicles and has interrupted the security they afforded, to the direct damage of Leguire.

80. The conduct of CITY, POLICE, and Dick's as described herein was consistent with and part of the standard procedure and policy utilized by CITY, POLICE, and Dick's.

81. The terms and conditions needed for release of the Subject Vehicles set forth by CITY, POLICE, and Dick's hereto were consistent with and part of the standard procedure and policy utilized by CITY, POLICE, and Dick's.

82. The conduct of CITY, POLICE, and Dick's is charging towing, fuel surcharges, and administrative fees as a lien on the Subject Vehicles beginning with the first day of seizure and continuing every day thereafter that CITY, POLICE, and Dick's possesses the Subject Vehicles is consistent with and part of the standard procedure and policy utilized by CITY, POLICE, and Dick's.

83. The conduct of CITY, POLICE, and Dick's in refusing to release the Subject Vehicles to Leguire unless Leguire paid towing, fuel surcharge, and administrative fees to Dick's and Dick's assessed without any opportunity for a hearing is consistent with and part of the standard procedure and policy utilized by CITY, POLICE, and Dick's.

84. It is CITY, POLICE, and Dick's regular policy to refuse a lienholder's request to recover possession of a vehicle seized by CITY, POLICE, and Dick's unless the lienholder first pays the towing fee, fuel surcharge fee, and administrative fee.

85. The official decisions attributable to Dick's were vested in a designated officer of Dick's-namely, Erik Stearns-with actual and apparent exclusive authority over the Subject Vehicles which decisions to act or not act directly caused the deprivations complained of by Leguire.

86. The CITY, POLICE, and Dick's practices in seizing, detaining, charging towing, fuel surcharge, and administrative fees and holding out such charges as a de facto lien giving CITY, POLICE, and Dick's the priority right of possession are persistent, regular and widespread thereby constituting custom and usage.

87. The failure by official Dick's and Erik Stearns to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention and assertion of charges and liens against vehicles-as made clear by numerous controlling court decisions amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and liened by CITY, POLICE, and Dick's.

88. But for CITY, POLICE, and Dick's deprivational policy, decisions, practices and failures, Leguire would have had the right to recover and would have recovered the Subject Vehicles without delay or with minimal delay by reason of measures that preserve legitimate state interests but are less intrusive than continued detention of the vehicles, without incurring liability for or loss due to towing, fuel surcharges, and administrative

fees impressed ex parte; and without incurring liability for or loss of lien priority to the claim asserted by CITY, POLICE, and Dick's against the Subject Vehicles.

## COUNT II

### Violation of Ohio Constitution Article I and the United States Constitution

### (Deprivation of Property Without due Process of Law)

### (Deprivation by Unreasonable Seizure)

89. Leguire realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraph of the complaint.

90. CITY, POLICE, and Dick's, and Erik Stearns' actions also violate the corresponding protection of the Ohio State Constitution and the United States Constitution.

## COUNT III

### Declaratory Relief

91. Leguire realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

92. An actual controversy has arisen and now exists between Leguire, CITY, POLICE, and Dick's, Erik Stearns warranting declaratory relief pursuant to 28 U.S.C. 2201.

93. Leguire seeks a declaration that CITY, POLICE, Dick's, and Erik Stearns must release and return the Subject Vehicles to Leguire and that all monetary charges asserted against the Subject Vehicles are null and void against Leguire.

94. Leguires seeks a declaration that Due Process violations occurring by reason of CITY, POLICE, and Dick's improper detention of the Subject Vehicles are chargeable to CITY, POLICE, Dick's, and Erik Stearns, jointly and severally.

95. Leguire seeks a declaration that the conduct of CITY, POLICE, Dick's, and Erik Stearns, as detailed above, violates the United States and Ohio State Constitutions.

96. Leguire seeks a declaration that, to the extent relied on by CITY, POLICE, and Dick's to justify its actions, Ohio State Law in unconstitutional (as applied) as a violation of due process and the right ot be free from unreasonable search and seizures under the uNited states and Ohio State constitutions.

97. Leguires seeks a declaration that CITY, POLICE, Dick's, and Erik Stearns are liable to Leguire pursuant to 42 U.S.C. §§ 1983 and 1988 for all damages and attorney's fees suffered and incurred by Leguire.

## COUNT IV

### Replevin

98. Leguire realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

99. Leguire has made demand upon CITY, POLICE, Dick's, and Erik Stearns that the Subject Vehicles be returned to Leguire but CITY, POLICE, Dick's, and Erik Stearnshave failed and refused to return the Subject Vehicles without paying the towing, fuel surcharge, administrative fees (lien).

100. CITY, POLICE, Dick's, and Erik Stearnshave no lawful basis to detain the Subject Vehicles from Leguire.

101. Leguire demands a judgment for return of the Subject Vehicles.

## COUNT V

### Conversion

102. Leguire realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

103. Dick's and Erik Stearns exercised wrongful dominion and control over the Subject Vehicles by refusing to return them to Leguire.

104. Erik Stearns is directly controlling the actions of Dick's in converting the Subject Vehicles.

105. Leguire has suffered damages for lost value, loss of use, depreciation and other actual damages as a result of Dick's and Erik Stearns conduct.

106. The actions of Dick's and Erik Stearns in refusing to return the Subject Vehicles unless Leguire complied with Dick's demands of paying for the towing, fuel surcharge, and administrative fees required Leguire to litigate this issue with him and the CITY thereby entitle Leguire to recover his attorneys' fees, all costs, all lost income, all damages, all non-economical damages, punitive damages, lost income, and compensatory, as well as all consequential damages of Dick's and Erik Stearns' actions.

107. City's actions, Police actions, and Dick's and Erik Stearns actions warrant punitive damages because such conduct continued despite repeated requests to return all property, and their knowledge of legal authority condemning their actions.

Jury Demand Endorsed; Plaintiff requests a jury. This complaint is filed with a Jury Demand.

## **PRAYERS FOR RELIEF**

WHEREFORE, Leguire requests that this Court grant:

a. A judgment in favor of Leguire and against the City of Findlay, Dick's Towing Service, Erik Stearns, Findlay Police Department, Captain Jim Mathias, Officer Joe Smith, Lt. David Hill, Erik Adkins, Sheriff Michael Heldman, Mayor Christina Muryn, Donald Rasmussen, Findlay City Council Members, and Christopher Neely on all causes of action asserted herein;

b. A declaration that as a result of CITY, POLICE, and Dick's violation of Leguire's rights, CITY, POLICE, and Dick's have no right to detain the Subject Vehicles from Leguire and are required to immediately return the vehicles upon demand to Leguire.

c. A declaration that as a result of CITY, POLICE, and Dick's violation of Leguire's rights, Leguire does not owe any of the monetary charges asserted by CITY, POLICE, and Dick's against the Subject Vehicle, which do not take precedence over Leguire's rights in the vehicle;

d. A declaration that the Findlay Ordinances are unconstitutional as a violation of due process and the prohibition against unreasonable search and seizures under the United States and Ohio State Constitutions to the extent that any such statute is relies upon by CITY, POLICE, and Dick's to justfy the actions that form the basis of this complaint;

e. An order directing CITY, POLICE, and Dick'sto deliver the Subject Vehicle to Leguire forthwith;

f. A permanent injunction against CITY, POLICE, Dick's, and Erik Stearns prohibiting the above-described unconstitutional and deceptive practices;

    g. An award of compensatory damages, consequential damages, punitive damages, statutory treble damages, costs and attorneys' fees against CITY, POLICE, Dick's, and Erik Stearns, Mayor Muryn, Don Rasmussen, Erik Adkins, City Council Members, Chris Neely, and Sheriff Heldman jointly and severally, and in favor of Leguire;

    h. An award of the City of Findlay improving Carrol Street and Benton Street including installation of sewers, drains, water lines, etc, and the continued maintenance at the expense of the City of Findlay, and then signing the property over to 830 E. Sandusky St, Findlay, OH.

    i. An award of the City of Findlay installing decorative brick privacy walls around 830 E. Sandusky St, Findlay, OH with gates at the expense of the City of Findlay similar to Pheasant's Run..

    j. An award of such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: Findlay, Ohio

    June 5, 2023

 

                                    **Matthias C. Leguire**

                                    By: _/s/ Matthias C. Leguire_

                                    Matthias C. Leguire

                                    830 E. Sandusky Street

                                    Findlay, OH 45840

                                    United States of America

                                    (419) 422-9043

                                    MatthiasLeguire@gmail.com

                                    **Plaintiff**