## 1161.10.1 OUTDOOR STORAGE; M-1, M-2, R-1, R-2, R-3 AND R-4 RESIDENTIAL DISTRICTS.

A. **RECREATIONAL VEHICLES AND TRAILERS.** Storage or parking of recreational vehicles or any trailer is subject to the following conditions:

1. <u>Fixed Connections and Utilities</u>

    Recreational equipment parked and stored shall not have fixed connections to electricity, water, or sanitary sewer facilities, and at no time shall this equipment be used for living or housekeeping purposes.

2. <u>Rear or Side Yard Storage</u>

    If camping or recreational equipment or any trailer is parked or stored outside of a garage, it shall be parked or stored to the rear of the front building line of the lot, unless otherwise provided. The setback requirement on the side or rear yard shall be a minimum of three (3') feet. Parking surfaces may be permeable.

3. <u>Terms for Appearance in District</u>

    a. <u>Recreational Vehicles</u>

    Subject to the provisions of this Chapter, camping and recreational vehicles may be parked in the front yard not sooner than April 1 nor later than October 31 for not more than seventy-two (72) hours, but in no event shall the vehicle be parked, stored, or located on the premises for more than three (3) days out of a seven (7)-day period. For purposes of this Chapter, "day" shall mean any period of time, regardless of the duration, between 12:00 AM and 11:59 PM. For example, vehicles parked, stored, or located only three (3) hours one day, and four (4) hours the next, would constitute two (2) days. From November 1 to March 31, all recreational vehicles must be parked on a property as specified in Chapter 1161.10 Outdoor Storage Standards Recreational Vehicles.

    b. <u>Utility Trailers and Mobile Service Vehicles</u>
       i. Utility trailers or mobile service vehicles must be parked or stored to the rear of the front building line of the lot.
       ii. Utility trailers and mobile service vehicles must be parked on a hard surface.
       iii. No utility trailers or mobile service vehicles can be parked at the property address if the vehicle is operated by an employee or contractor that does not reside at the residence.

    c. <u>Commercial vehicles</u>

    Commercial vehicles, such as box trucks and dual axle vehicles, are not permitted to be parked in the residential district.

E. **FIREWOOD.** Storage shall be prohibited from the required front yard and confined to the rear or side yard, or setback beyond the front building face.
(Ord. 2017-039. Passed 5-16-17.)

*Exhibits*
*Ordinances*

Case: 3:23-cv-01123-JGC Doc #: 1-1 Filed: 06/05/23 2 of 10. PageID #: 21

## 521.99 PENALTY.

(a) Whoever violates any provision of this chapter is guilty of a minor misdemeanor and shall be fined not less than twenty-five dollars ($25.00).

(b) If within one year of the offense, the offender has been convicted of, or has pleaded guilty to, one or more violations of a section under this chapter, the offender is guilty of a misdemeanor of the fourth degree.

(c) In all cases, wherein, a person has been convicted of or pleaded guilty to a violation of any section of this chapter, the court shall, in addition to any fine or sentence imposed upon the offender, order the nuisance abated within seven (7) days.

(d) Nothing in this penalty section shall prevent the City from pursuing other actions or charges under the Ohio Revised Code.
(Ord. 2000-45. Passed 6-20-00.)

## 521.07 WEEDS.

(a) <u>Cutting and Destroying.</u> The Service Director is authorized, empowered and directed to cut all grasses, weeds or noxious weeds of six inches (6") or more growing in the corporate limits of the City, provided notice, as required by Ohio R.C. 731.51, has been served on any owner, lessee, agent or tenant having charge of lands on which such grasses, weeds, or noxious weeds are growing, and such owner, lessee, agent or tenant has failed to comply within five days after service of the notice by failing to cut such grasses, weeds and/or noxious weeds in accordance with the notice. Prior to cutting and destroying the grasses, weeds, and/or noxious weeds, the Director shall determine by an actual inspection of such lands that the grasses, weeds and/or noxious weeds growing thereon are within the meaning of Ohio R.C. 907.01 and Ohio Administrative Code Chapter 901:5-31. (Ord. 2019-033. Passed 6-4-19.)

(b) <u>Fees for Service and Return.</u> Any police officer or Clerk of Council may make service and return of the notice provided for in Section 521.07(a), and shall be allowed the same fee as that provided for service and return of summons in civil cases before a magistrate.

(c) <u>Unhealthful Growth; Failure to Remove.</u>
    (1) It shall be unlawful and a nuisance for the owner of any lot, place or area within the City to permit any weeds, unhealthful growths, dead or diseased trees, or other noxious matter to be growing, lying or located thereon after notice as hereinafter provided. The Service-Safety Director of the City is authorized and empowered to administer this section and shall investigate all requests under this section and notify in writing by certified mail the owner of any such lot, place or area within the City to cut, destroy or remove any weeds, unhealthful growths, dead or diseased trees, or other noxious matter found growing, lying or located on such owner's property.

    (2) No owner so notified shall fail, neglect or refuse to cut, destroy or remove weeds, unhealthful growths, dead or diseased trees, or other noxious matter growing, lying or located on such owner's property within five days after receipt of the written notice, as provided for herein. Each day after the expiration of the five days shall constitute a separate offense.

(d) <u>Lien on Property.</u> Council shall make a written return to the County Auditor of their action under Sections 521.07 (a) and (b), with a statement of the charges for their services, the amount paid for labor, the fees of the officers serving the notices, and a proper description of the premises. Such amounts, when allowed, shall be entered on the tax duplicate as a lien on such lands from and after the date of the entry, and shall be collected as other taxes and returned to the City with the General Fund.

(e) <u>Violation; Notice to Owner or Tenant.</u> Whenever a violation of any of the provisions of Section 521.07 (c) is noted by a police officer or other officer or agent designated and authorized to enforce the provisions of this chapter, such officer shall issue a written order, on a form prescribed by the Service-Safety Director, directing the owner, agent, lessee or tenant in charge of such premises that a violation of the provision exists and that the violation must be corrected within five days after the date of the issuance of the written order. Each day's violation, after the expiration of the five days herein set forth, shall constitute a separate offense.
(Ord. 2000-45. Passed 6-20-00.)

corporate limits of this City for the purposes of avoiding the intent of Section 521.04 (c). Excepting, however, that any such materials may be moved to another lot, lots, parts of lots or parcel of land when the same has been sold to a bona fide purchaser for value for their own use.

Further, nothing herein contained shall be construed to prevent any person or persons lawfully engaged in the business of a towing service from placing and/or storing any of the material herein defined in Section 521.04 (c), provided that such material shall not remain on such lot, lots, parts of lots or parcel of land for a period of more than thirty days, unless removal is being diligently pursued. In any event, all such automobiles or automobile parts shall be removed from the premises within a period of sixty days from the time such material was first placed on the lot, lots, parts of lots or parcel of land.

(g) <u>Permissible to Store in Building.</u> Whenever any of the materials herein defined, excepting manure, dead or decaying vegetable matter, or offal, are placed, stored, or allowed to remain on any lot, lots or parts of lots within the corporate limits of the City, and the same are placed or stored in a building or structure which completely encloses the materials therein, then the materials may remain therein so long as they do not become a breeding place for rodents or other unhealthy or harmful animals or insects.

(h) <u>Moving Structure or Parts of to New Location.</u> Whenever a building or structure or parts thereof used or formerly used as a place of human habitation are moved from their original locations to a location within the corporate limits of the City, such buildings, structures, or parts thereof, if intended for further human habitation, shall be placed in a livable condition, including proper water and sewage facilities and necessary repairs and construction, within a period of four months from the day the same is placed on the lot, lots, parts of lots or parcel of land.

(i) <u>Licensed Junkyards an Exception.</u> Nothing herein contained shall apply in any way to duly authorized and licensed junkyards in the City.

(j) <u>Full-time Licensed Contractors and Plumbers Excepted When Zoning Permits.</u> Nothing contained herein shall apply to a duly licensed contractor, plumber or person regularly engaged in the business of contracting, who stores or causes to be stored any materials, equipment or merchandise regularly used in the conduct of his business, provided that such person, firm or corporation must be engaged full time in such contracting, plumbing or business of contracting, and such materials, equipment or merchandise shall only be placed or stored on a lot, lots, parts of lots or parcel of land in those areas now or hereafter zoned "business " or "industrial," under the Zoning Ordinance of the City.

(Ord. 2000-45. Passed 6-20-00.)

## 521.04 JUNK AND MATERIAL STORAGE.

(a) This section shall be administered and enforced by Service-Safety Director and the Police Department and/or their designated staff. They shall investigate all requests under this section and shall have the power to order the nuisance abated.
(Ord. 2000-45. Passed 6-20-00.)

(b) <u>Unlawful to Store Certain Materials.</u> It shall be unlawful and a nuisance per se to store, place or allow to remain on any lot, lots, parts of lots, porches, or parcel of land within the corporate limits of the City, included but not limited to, used building materials of wood, stone, brick, cement block or any composition thereof, cans, bottles, rope, paper, rags, rubbish, household waste, scrap metal, refuse, appliances, household fixtures, or any offensive material or materials of an unsightly or unsanitary nature.
(Ord. 2019-033. Passed 6-4-19.)

(c) <u>Unlawful to Store Motor Vehicles.</u>
   (1) It shall be unlawful and a nuisance per se to store, place or allow to remain on any lot, lots, parts of lots or parcel of land within the corporate limits of the City, motor vehicles in an inoperative condition, motor vehicles unfit for further use or automobile parts. Motor vehicles unfit for further use, hence being defined as JUNK or INOPERABLE VEHICLE. A vehicle shall be deemed a junk or inoperable vehicle whenever any one of the following occurs:
   A. The vehicle is without a valid current registration and/or license plate;
   B. The vehicle is without fully inflated tires and/or has any types of support under it;
   C. The vehicle has a substantially damaged or missing windshield, door(s), motor, transmission, or other similar major part;
   D. The vehicle is motorized but is incapable of being moved under its own power;
   E. The vehicle is abandoned;
   F. The vehicle is primarily being used for the purpose of storage;
   (Ord. 2018-041. Passed 5-15-18.)
   (2) Nothing in this section shall be construed to prohibit the storage of the herein defined materials in a completely enclosed structure, building and/or garage as those terms are defined in the Zoning Code. For purposes of this section, a fence, no matter how permanently affixed to real estate, shall not constitute a structure.

(d) <u>Abandoned Refrigerators and Airtight Containers.</u> No person shall abandon, discard, or knowingly permit to remain on premises under his control, in a place accessible to children, any abandoned or discarded icebox, refrigerator or other airtight or semi-airtight container, without rendering such equipment harmless to human life by removing such hinges, latches or other hardware which may cause a person to be confined therein. This section shall not apply to an icebox, refrigerator or other airtight or semi-airtight container located in that part of a building occupied by a dealer, warehouseman or repairman.
(ORC 3767.29)

(e) <u>Storage For Own Use Excepted.</u> Nothing herein contained shall be construed to prevent any person or persons from purchasing used materials and placing or storing them on any lot, lots, parts of lots, or parcel of land when such materials are to be used by the purchaser or owner for later construction on the same lot or any lot owned or controlled by such purchaser or owner of such materials, provided that such material shall not remain on such lot, lots, parts of lots, or parcel of land for a period of more than thirty days, unless the construction or erection planned for the use of the materials has been commenced, using the materials within the period hereinabove set forth. The construction must be diligently prosecuted and all materials used or removed from the premises within a period of four months from the time the materials were first placed on the lot, lots, parts of lots, or parcel of land. It shall be unlawful for any person to move any materials so stored or placed in another location within the corporate limits of the City for the purpose of avoiding the intent of this chapter. Excepting that any such materials may be moved to another lot, lots, part of lots, or parcel of land when the same have been sold to a bona fide purchaser for value for their own use.

(f) <u>Business Exception.</u> Nothing herein contained shall be construed to prevent any person or persons who are lawfully engaged in the business of automobile repair from placing and/or storing any of the material herein defined in Section 521.04 (c), provided that such material shall not remain on such lot, lots, parts of lots or parcel of land for a period of more than thirty days, unless the repair for such automobiles has been commenced and is being diligently prosecuted. In any event, all such automobiles or automobile parts shall be removed from the premises within a period of sixty days from the time the material was first placed on the lot, lots, parts of lot or parcel of land. No person shall move any materials so stored or placed in another location within the

(1) <u>Fees for services and returns.</u> Any police officer or Clerk of Council may make services and returns of the notice provided for in Section 521.03, and shall be allowed the same fees as that provided for services and return of summons in civil cases before a magistrate.

(2) <u>Lien on property.</u> Council shall make a written return to the County Auditor of their action under Section 521.03, with a statement of the charges for their services, the amount paid for labor, the fees of the officer serving the notice and a proper description of the premises. Such amount when allowed, shall be entered on the tax duplicate as a lien on such lands from and after the date of the entry, and shall be collected as other taxes and returned to the City of Findlay with the General Fund.

(Ord. 2000-45. Passed 6-20-00.)

or distribute without charge to the receiver thereof a noncommercial handbill to any occupant of a vehicle who is willing to accept it.

(3) No person shall throw or deposit any commercial or noncommercial handbill in or on any private premises which are temporarily or continuously uninhabited or vacant.

(4) No person shall throw, deposit or distribute any commercial or noncommercial handbill on any private premises, if requested by anyone thereon not to do so, or if there is placed on the premises in a conspicuous position near the entrance thereof a sign bearing the words, "no trespassing," "no peddlers or agents," "no advertisement" or any similar notices, indicating in any manner that the occupants of the premises do not desire to be molested or have their right of privacy disturbed, or to have any such handbills left on such premises.

(5) No person shall throw, deposit or distribute any commercial or noncommercial handbill in or on private premises which are inhabited except by handing or transmitting any such handbill directly to the owner, occupant or other person then present in or on such private premises provided that in case of inhabited private premises which are not posted as provided in this chapter, such person, unless requested by anyone on such premises not to do so, may place or deposit any such handbill in or on such inhabited private premises, if such handbill is so placed or deposited as to secure or prevent such handbill from being blown or drifted about such premises or sidewalks, streets or other public places and except that mailboxes may not be used when so prohibited by federal postal law or regulations.

(i) <u>Mail and Newspapers Exceptions.</u> The provisions of Section 521.03(h)(5) shall not apply to the distribution of mail by the United States, nor to newspapers (as defined herein), except that newspapers shall be placed on private property in such a manner as to prevent their being carried or deposited by the elements on any street, sidewalk or other public place, or on private property.

(j) <u>Dropping Litter From Aircraft.</u> No person in an aircraft shall throw out, drop or deposit within the City any litter, handbill or any other object.

(k) <u>Posting Notices Prohibited.</u> No person shall post or affix any notice, poster or other paper or device, calculated to attract the attention of the public, to any lamp post, public utility pole or shade tree, or on any public structures or building, except as may be authorized or required by law.

(l) <u>Litter on Vacant Lots.</u> No person shall throw or deposit litter on any open or vacant private property within the City whether owned by such person or not.

(m) <u>Trucks Causing Litter.</u> No person shall drive or move any vehicle or truck within the City, the wheels or tires of which carry onto or deposit in any street, alley or other public place, mud, dirt, sticky substances, litter or foreign matter of any kind.

(n) <u>Transportation of Litter.</u>

(1) No person shall transport stone, dirt, or litter in any manner over and on any street, alley or public thoroughfare in such manner that it is or may be strewn on or along such public way in the City.

(2) No person shall transport stone or dirt over and on any public thoroughfare until and unless such stone and dirt shall be sprayed or wetted with sufficient water or other wetting agent in such manner as to prevent such stones or dirt from blowing or falling from the vehicle transporting same.

(3) No person shall transport litter over and on any public thoroughfare until and unless the vehicle or trailer carrying such material is equipped with a cover, tarpaulin, ropes, wire or other semi-solid covering so fastened or secured as to prevent the litter from blowing, falling or being strewn on the thoroughfare in the City.

(o) The Service-Safety Director is authorized, empowered and directed to remove all litter found in the corporation limits of the City of Findlay, provided notice, as required by the Ohio R. C. 731.51, has been served on any owner, lessee, agent or tenant having been charged of the litter, land, and such owner, lessee, agent or tenant has failed to comply within five days after service of the notice by failing to remove said litter in accordance with the notice. Prior to removing the litter, the Director shall determine by an actual inspection of such lands that the litter thereon is within the means of the Ohio R.C. 731.51 and Section 521.03 of the City of Findlay Code of Ordinances.

## 521.03 LITTERING AND DEPOSIT OF GARBAGE, RUBBISH, JUNK, ETC.

(a) This section shall be administered and enforced by the Health Commissioner and the Police Department and/or their designated staff. They shall investigate all requests under this section and shall have the power to order the nuisance abated.

(b) <u>Littering.</u> No person, regardless of intent, shall deposit litter or cause litter to be deposited on any public property, on private property not owned by him, or in or on waters of the State, or Municipality, unless one of the following applies:

    (1) The person is directed to do so by a public official as part of a litter collection drive,

    (2) Except as provided in subsection (b) hereof, the person deposits the litter in a litter receptacle in a manner that prevents its being carried away by the elements; or

    (3) The person is issued a permit or license covering the litter pursuant to Ohio R. C. Chapter 3734 or 6111.

(c) <u>Litter in Receptacles.</u> Persons placing litter in public receptacles or in private receptacles shall do so in such a manner as to prevent it from being carried or deposited by the elements on any street, sidewalk or other public place, or on private property.

(d) No person, without privilege to do so, shall knowingly deposit litter, or cause it to be deposited, in a litter receptacle located on any public property or on any private property not owned by him, unless one of the following applies:

    (1) The litter was generated or located on the property on which the litter receptacle is located.

    (2) The person is directed to do so by a public official as part of a litter collection drive.

    (3) The person is directed to do so by a person whom he reasonably believes to have the privilege to use the litter receptacle.

    (4) The litter consists of any of the following:

        A. The contents of a litterbag or container of a type and size customarily carried and used in a motor vehicle,

        B. The contents of an ashtray of a type customarily installed or carried and used in a motor vehicle,

        C. Beverage containers and food sacks, wrappings and containers of a type and in an amount that may reasonably be expected to be generated during routine commuting or business or recreational travel by a motor vehicle;

        D. Beverage containers, food sacks, wrappings, containers and other materials of a type and in an amount that may reasonably be expected to be generated during a routine day by a person and deposited in a litter receptacle by a casual passerby.

(e) <u>Sweeping Litter into Gutter Prohibited.</u> No person shall sweep into or deposit in any gutter, street or other public place within the City the accumulation of litter from any building or lot or from any public or private sidewalk or driveway.

(f) <u>Littering From Vehicle.</u> No operator or occupant of a motor vehicle shall, regardless of intent, throw, drop, discard or deposit litter from any motor vehicle in operation upon any street, road or highway, except into a litter receptacle in a manner that prevents its being carried away or deposited by the elements.

(g) <u>Litter in Parks.</u> No person shall throw or deposit litter in any park within the City except in public receptacles and in such a manner that the litter will be prevented from being carried or deposited by the elements on any part of the park or on any street or other public place. Where public receptacles are not provided, all such litter shall be carried away from the park by the person responsible for its presence, and properly disposed of elsewhere as provided herein.

(h) <u>Throwing or Distributing Handbills.</u>

    (1) No person shall throw or deposit any commercial or noncommercial handbill in or on any sidewalk, street or other public place within the City, nor shall any person hand out or distribute or sell any commercial handbill in any public place. However, it shall not be unlawful for any person to hand out or distribute, without charge to the receiver thereof, any noncommercial handbill to any person willing to accept it on any sidewalk, street or other public place within the City.

    (2) No person shall throw or deposit any commercial or noncommercial handbill in or on any vehicle; provided that it shall not be unlawful in any public place for a person to hand out

## 521.02 DILAPIDATED STRUCTURES.

(a) This section shall be administered and enforced by the Service-Safety Director and Fire Department and their designated staff in accordance with the Ohio R.C. 715.26. They shall investigate all requests under this section and shall have the power to order the nuisance abated.

(b) No person, firm or corporation shall permit any premises within the City of Findlay to be in such a state of disrepair as to be considered to be a nuisance or a hazard to the health or safety of persons residing in the vicinity of the structure or of passersby. Any of the following violations shall be considered to be a nuisance and the maintenance of the structure in a deteriorating condition:

   (1) Loose bricks displaced from exterior walls or chimneys.
   (2) Cornices, gutters, and awnings, which are sagging, collapsed, or have fallen from the structure.
   (3) Windows containing broken and jagged glass.
   (4) Open holes on the exterior of the structure whereby the interior can be viewed.
   (5) Exterior stairs, porches, balconies or steps which are in such a condition as to be unsafe to persons using them or to passersby. The fact that such person using the stairs, porch, balcony or step is a trespasser is no defense for purposes of this section.
   (6) Foundations and retaining walls caving in.
   (7) Any detached structures collapsed and falling in.
   (8) Any structure which does not have windows, doors, or other openings properly secured.
   (9) Roof-sagging to a state that structural failure is possible and materials in such disrepair that human safety becomes a concern.

(Ord. 2000-45. Passed 6-20-00.)

## VERIFICATION OF COMPLAINT

I, Matthias C. Leguire, a citizen of the United States of America and a resident of Hancock County, Ohio, hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged are true and correct.

Date: June 5th, 2023

*Matthias C. Leguire*
Matthias C. Leguire

Sworn to and subscribed before me this the 5th day of June 2023.
State of OHIO in Hancock County

*Joshua J. Pecar*
NOTARY PUBLIC

My Commission Expires:

Joshua J Pecar
Notary Public, State of Ohio
My Commission Expires:
3/13/28