UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mathias Leguire,                         Case No. 3:23-cv-1123-JGC

      Plaintiff,

    v.                                 **ORDER**

The City of Findlay *et al.*,

      Defendants.

       This is a civil rights case under 28 U.S.C. § 1983. *Pro se* Plaintiff Mathias Leguire brings this action against multiple Defendants, alleging deprivation of his property in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This deprivation stems from tickets issued to Plaintiff by the City of Findlay which led to the subsequent towing of his vehicles from his property.

       Pending are two motions to dismiss, filed by Defendant Michael Heldman (Doc. 11) and Defendant Dave Yost (Doc. 14), respectively. Both Heldman, the Hancock County Sheriff, and Yost, the Ohio Attorney General, argue that there are no factual allegations that pertain to them in the Complaint and ask that they be dismissed from this action. For the reasons below, I grant both Motions.

## **Background**

       Plaintiff alleges that the City of Findlay, as a way to force Plaintiff to pay his parking tickets, enlisted the services of Dick's Towing Service to tow two motor vehicles from his private property. (Doc. 5, ¶ 2). Later in the Complaint, he alleges that the City seized his vehicles because they did not have current registrations. (*Id.* ¶ 37). He claims he discovered Defendant police officer

Joe Smith on his private property as Dick's Towing loaded the vehicles onto the tow truck (*Id.* ¶ 42). Plaintiff alleges he contacted both the Findlay Police Department as well as Dick's Towing only to learn that he would have to pay a towing fee, a fuel surcharge fee, and an administrative fee for both vehicles. Plaintiff indicates that the City did not have a warrant to enter his property or to seize his vehicles. He contends the City did not provide him with notice of their intent to seize the vehicles or a procedure by which he could challenge the seizure and recover his possessions without incurred the fees for towing. He asserts claims for deprivation of his Fourth and Fourteenth Amendment rights as well as numerous claims arising under state law.

The Complaint contains no factual allegations against either Heldman or Yost. With respect to Heldman, as part of his conspiracy claim, Plaintiff states that Heldman conspired against him when he ignored his pleas for help and told him to hire an attorney. (*Id.* ¶ 138). He does not include any other factual information suggesting Heldman's personal involvement with the incident in question.

## **Legal Standard**

A motion to dismiss is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must allege facts that are sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A plaintiff's obligation to provide the grounds for relief "requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, supra*, 550 U.S. at 555.

Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). But I must accept the well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005).

## Discussion

Plaintiff has not stated a plausible claim against either Yost or Heldman. With respect to Yost, Plaintiff does not assert a legal claim against him, does not allege he engaged in any wrong-doing, and does not seek relief from him. It is possible Plaintiff believed that because he is required to serve a copy of the Complaint on Yost pursuant to Ohio Revised Code § 2721.12, he was also required to name him as a party to this action. This, however, is not a requirement of the statute. Thus, Plaintiff failed to state a claim upon which relief may be granted against Yost.

With respect to Heldman, Plaintiff only states that Heldman advised him to hire an attorney and ignored his pleas for help. That statement, alone, is not sufficient to suggest a plausible claim for relief for conspiracy with City of Findlay officials and a private citizen. There are no other allegations in the Complaint that pertain to Heldman. Plaintiff has failed to state a claim for relief against Heldman.

**Conclusion**

It is, therefore, ORDERED THAT:

1. Defendant Michael Heldman's Motion to Dismiss (Doc. 11) be, and the same hereby is, granted.

2. Defendant Dave Yost's Motion to Dismiss (Doc. 14) be, and the same hereby is, granted.

3. Michael Heldman and Dave Yost be, and the same hereby are, dismissed from this action.

4. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

5. This matter is set for a Status Conference before me on 10/30/2023 at 11:00 a.m., to be held by video conference. The clerk shall issue a video conference invitation to all participants in advance.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge