IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Matthias Leguire,                             Case No. 23-cv-01123

      Plaintiff,

      v.                                         **ORDER**

City of Findlay, *et al.*,

      Defendants.

This is a *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff and Defendant Christopher Neely are neighbors.[1]

Plaintiff alleges that Neely conspired with various officials and Dick's Towing to deprive Plaintiff of his property, *i.e.*, removing and disposing of vehicles parked on a strip of land near Plaintiff's home. (*See, generally*, Doc. 5 (Amended *Pro Se* Complaint)).

Before me is Neely's motion to dismiss. (Doc. 22). Plaintiff, then represented by counsel, responded (Doc. 33) and Neely replied (Doc. 35).[2]

For the reasons that follow, I grant Neely's motion.

## **Background**

Plaintiff's allegations regarding Neely in his amended complaint are few and conclusory. (*See* Doc. 5, PgID. 144–46). They allege that Neely offered to purchase a portion of Plaintiff's land, which Plaintiff declined. (*Id*. at 144). Then, it alleges that Neely conspired with police and other

---

[1] He also sued other Defendants including various Findlay, Ohio municipal entities, departments, and officials including the City's mayor, city council, and the police department. Plaintiff also sued a local towing company and its owner.

[2] Plaintiff originally filed his complaint *pro se*. After a brief period of representation, his status has returned to *pro se* at the time of this Opinion.

Findlay, Ohio officials, who then "weaponized ordinances" against Plaintiff after he refused to sell his property to Neely. (*Id*. at PgID. 144–46). He alleges that Neely trespassed on Plaintiff's land. (*Id*.) He also alleges that Neely made criminal complaints about an unregistered boat and van on Plaintiff's property, which led to the City's decision to tow and impound the vehicles. (*Id*.)

Neely argues that he is not a state actor. A § 1983 claim may lie only against state actors. Thus, Neely argues, I must dismiss Plaintiff's claim against him as a matter of law.

In response, Plaintiff argues that: (1) *pro se* complaints should be liberally construed in the light most favorable to the plaintiff (Doc. 33-1, PgID. 283–84); (2) the Complaint adequately alleges that Neely "worked in concert with defendants the City, Police, Towing, Findlay City Council members (identifying primarily Rasmussen and Russell), and the Sheriff, to deprive plaintiff of his property…." (*id*. at PgID. 285); (3) the Complaint sets forth that Neely wanted to purchase some of Plaintiff's property in 2016, but Plaintiff declined Neely's offers; (*id*.); and (4) if Neely had not "set the wheels in motion for the seizure of plaintiff's boat and van," in a conspiracy with other Defendants, then Plaintiff's property would never have been seized. (*id*. at PgID. 286).

In his reply, Neely argues that nothing in Plaintiff's amended complaint "rise[s] to the level of a conspiracy." (Doc. 35, PgID. 295).

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), I decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)

2

(quoting Fed. R. Civ. P. 8(a)(2)). This statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, *supra*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Although *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) the Court "cannot create a claim which a plaintiff has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotation marks omitted)).

## Discussion

### 1. Neely Is Not A State Actor

A plaintiff bringing a § 1983 claim must allege: (1) "the deprivation of a right secured by the Constitution or laws of the United States," and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). If a plaintiff does not allege both elements, then the § 1983 claim fails. *Lausin v. Bishko*, 727 F. Supp. 2d 610, 625 (N.D. Ohio 2010). (Nugent, J.).

Whether a party is a state actor is a question of law. *Blum v. Yaretsky*, 457 U.S. 991, 996–98 (1982). State action occurs when a defendant exercises power "possessed by virtue of state law

and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Here, there is no question that Neely is merely a private citizen and Plaintiff's neighbor.

The law recognizes that, in some limited circumstances, action by a private citizen may be attributable to the state such that § 1983 applies. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001). "Private action ... may ... count as state action under discrete circumstances[,]" *Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018), as long as the private conduct "causing the deprivation of a federal right may be fairly attributable to the state." *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007).

The Sixth Circuit uses "three tests to resolve the state-actor inquiry: the public-function test, the state-compulsion test, and the nexus test." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). I discuss each in turn.

### a. Public Function Test

Liability arises under the public function test if "the private individual exercises powers which are traditionally exclusively reserved to the state." *Carl*, *supra*, 763 F.3d at 595. The Sixth Circuit interprets this test "narrowly," such that "[o]nly functions like holding elections, exercising eminent domain, and operating a company-owned town fall under this category of state action." *Chapman v. Higbee Co.*, 319 F.3d 825, 833–34 (6th Cir. 2003) (internal citations omitted).

Plaintiff does not allege that Neely was involved in elections, eminent domain, or operated a company-owned town. Indeed, all that Plaintiff alleges about Neely is that, by reporting Plaintiff's alleged violations to the authorities, Neely put the process in motion that led to the seizure of some of Plaintiff's personal property. Plaintiff alleges no facts to support the notion that reporting one's

4

neighbor to the authorities for an alleged violation of the law has traditionally and exclusively been reserved to the state.

Plaintiff's allegations do not meet the public function test *vis-à-vis* Neely.

### b. State Compulsion Test

Liability arises under the state compulsion test when a plaintiff alleges that the state exercises, "such coercive power or provide[s] such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). "More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Id*.

Plaintiff has not alleged or argued that the local government, or its officials, controlled Neely's day-to-day tasks such that Neely took a "state action."

### c. Nexus Test

"Under the symbiotic or nexus test, a section 1983 claimant must demonstrate that there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself." *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003). "[I]t must be established that the State is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state[.]" *Wolotsky*, *supra*, 960 F.2d at 1335.

Here, Plaintiff does not allege any facts from which I could infer that the local government supervises, directs, or involves itself in neighbors reporting alleged violations to the police. Thus, Plaintiff fails the nexus test.

Accordingly, I dismiss Plaintiff's complaint against Neely.

5

2. **Other Defendants**

Besides Neely, Plaintiff also filed suit against twenty-six other Defendants.[3]

Plaintiff alleges, "ALL Defendants, excluding none, above parties [sic] are being sued officially and individually." (*Id*. at PgID. 128).

For similar reasons as I have explained regarding Neely's dismissal, I am concerned that Plaintiff's amended complaint appears deficient in several respects. In particular, Plaintiff sues other private citizens and companies, such as Erick Sterns and Dick's Towing, without explaining how these parties were "state actors."

Additionally, Plaintiff's claims against municipal entities may also be deficient under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Nor does he appear to have alleged the "direct action" required for individual actors under *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013).

Under Fed. R. Civ. P. 56(f), before I take any action, I must give Plaintiff "notice and a reasonable time to respond" to these issues. As indicated, some, if not all, of Plaintiff's claims against some, if not all, of the remaining Defendants may be unsustainable.

To determine whether that is so, I am ordering Plaintiff to show cause in writing why I should not, of my own accord, dismiss some or all of his remaining claims against some or all of the remaining Defendants. In other words, I am, *sua sponte*, granting Plaintiff leave, if he so desires,

---

[3] They are: (1) the City of Findlay; (2) Mayor Christina Muryn; (3) Donald Rasmussen; (4) Erik Adkins; (5) Findlay City Council members; (6) Grant Russel; (7) Jeff Wobser; (8) Randy Greeno; (9) Jim Neimeyer; (10) Brian Bauman; (11) Jim Slough; (12) Beth Warneke; (13) Dennis Hellman; (14) John Harrington; (15) Holly Frishe; (16) Joshua Palmer; (17) Dick's Towing Service; (18) Erik Stearns; (19) Findlay City Police Department; (20) Captain Jim Mathias; (21) Officer Joe Smith; (22) Lt. David Hill; and (23) Sheriff Michael Heldman; (24) David Yost, Ohio Attorney General; (25) Doug Marshall, police officer; and (26) Rob Martin, safety service director. (*See* Doc. 5, PgID. 127–28).

to file a second amended complaint. I hereby notify Plaintiff that if, upon my review, I determine that dismissal is warranted, I will simply proceed to enter an Order accordingly.

In other words, I am treating this case as our Court traditionally has done.

Once Plaintiff undertakes to comply with this Order, and before I will allow it to proceed further: *i.e.*, direct the remaining Defendants to answer or otherwise plead, I will decide whether Plaintiff has sufficiently plead a cause or causes of action against any remaining Defendants. If Plaintiff has done so, I will hold a status/scheduling conference with the Plaintiff and counsel for those Defendants to determine a schedule for further proceedings.

## Conclusion

In conclusion, Plaintiff alleges no facts from which I could construe that Neely is a state actor or was acting under the color of state law. Nor could I fairly (or even liberally) construe Plaintiff's complaint to allege that he acted in a close nexus with the state. Rather, Neely is merely Plaintiff's neighbor who reported Plaintiff to local officials. This does not amount to a state action. Plaintiff's claims against Neely are insufficient under § 1983.

Accordingly, it is hereby,

ORDERED THAT:

1. Defendants' motion to dismiss under Rules 12(b)(1) and/or 12(b)(6) be, and the same hereby is, granted (Doc. 22);

2. On or before two months from the date of this Order, the Plaintiff shall file an amended complaint and such supporting memoranda of law in support thereof as he may deem appropriate. Upon such submission, I shall review the submission and issue an Order addressing whether any claims against any of the Defendants survive dismissal; and

3. Until I notify remaining Defendants otherwise, it is not necessary for them, once Plaintiff has complied with this Order, to take any action in response to the Plaintiff's submission and/or second amended complaint.

SO ORDERED.

DATE: 7/3/2024 /s/ *James G. Carr*
Sr. U.S. District Judge