IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Matthias Leguire,                                          Case No. 23-cv-01123

          Plaintiff,

        v.                                          **ORDER**

City of Findlay, *et al.*,

          Defendants.

This is a *pro se* civil rights case under 42 U.S.C. § 1983.[1]

Plaintiff alleges that the City of Findlay, Ohio, its Mayor, City Council members, Police Department, and certain police officers conspired with a privately-owned company, Dick's Towing Service, to violate his civil rights.[2]

The gravamen of Plaintiff's claim is that Defendants unlawfully entered his property and removed an unregistered boat and van that the Plaintiff was storing there. (*See, generally*, Doc. 5 (Amended Complaint); *and see* Doc. 41 (Second Amended Complaint)).

The officers did so, allegedly in response to complaints from Plaintiff's neighbor Christopher Neely. (*Id.*). Neely, Plaintiff alleges, offered to purchase part of Plaintiff's land. After Plaintiff

---

[1] Plaintiff originally filed his complaint *pro se*. After a brief period of representation, his status has returned to *pro se* at the time of this Opinion.

[2] Plaintiff's Second Amended Complaint names the City of Findlay, the Mayor (whom he identifies as Christina Muryn), the City Council Members (whom he identifies as Grant Russel; Jeff Wobser; Randy Greeno; Jim Neimeyer; Brian Bauman; Jim Slough; Beth Warnecke; Dennis Hellman; John Harrington; Holly Frishe; and Joshua Palmer), the City of Findlay Police Department and officers (whom he identifies as Captain Jim Mathias; Officer Joe Smith; Lt. David Hill; and Doug Marshall). He sues Dick's Towing Service; Erik Stearns; Christopher Neely; Mike Stone; Tammy Stone; Sheriff Michael Heldman, and "Does 1-10 yet unknown." He also sues individuals Donald Rasmussen; Erik Adkins; and Rob Martin, whose position he fails to specify. These individuals, I will assume, hold some public office. Therefore, I likewise assume, *in arguendo* that they satisfy the state actor requirement. (*See* Doc. 41, PgID. 315–16).

declined two purchase offers, Neely conspired with police and other municipal officials to "weaponize ordinances" against Plaintiff. (Doc. 5, PgID. 145).

The relations between Neely and the Plaintiff have not been neighborly for some period of time. They became so because of Neely's complaints about the unsightliness of the boat and car on Plaintiff's property. In addition, Plaintiff alleges that Neely conspired with City officials to have a right of way vacated between their two properties. (*Id*. at PgID. 144-46).

Plaintiff alleges that, without previously contacting Plaintiff or securing his permission, Officer Joe Smith and Dick's Towing entered Plaintiff's property. (*Id*. at PgID. 321). He alleges they used "stealth tactics" to determine the boat and van were unregistered in violation of Ohio law. (*Id*. at PgID. 144-46). This led to a request to Dick's Towing to remove both the boat and van.

Dick's Towing has continuously stored both the boat and van since May 30, 2023. (Doc. 5, PgID. 132). Plaintiff disputes his responsibility for the towing and storage charges. (*Id*.).

Plaintiff sues the City police officers on a respondeat superior basis by virtue of their employment. He sues the City and members of the City Council for allegedly conspiring to enforce certain ordinances to support Neely's purchase of land that would result in vacation of a right of way.

### Background

On July 25, 2023, rather than file a Federal Rule of Civil Procedure 12(b) motion, all but three Defendants Answered the First Amended Complaint.[3] (*See* Doc. 18).

In *Leguire II*, I stated:

---

[3] I granted dismissal to those three defendants. On September 25, 2023, I granted Defendants Michael Heldman and David Yost's motions to dismiss. *Leguire v. Findlay*, No. 23-cv-1123, 2023 WL 6214526 (N.D. Ohio Sept. 25, 2023) ("*Leguire I*") (Doc. 21). On July 3, 2024, I granted Defendant Neely's motion to dismiss. *Leguire v. Findlay*, --- F. Supp. 3d ---, No. 23-cv-1123, 2024 WL 3292571 (N.D. Ohio July 3, 2024) ("*Leguire II*") (Doc. 37).

> On or before two months from the date of this Order, the Plaintiff shall file an amended complaint and such supporting memoranda of law in support thereof as he may deem appropriate. Upon such submission, I shall review the submission and issue an Order addressing whether any claims against any of the Defendants survive dismissal[.] Until I notify remaining Defendants otherwise, it is not necessary for them, once Plaintiff has complied with this Order, to take any action in response to the Plaintiff's submission and/or second amended complaint.

*Id*. at *4.[4]

On September 30, 2024, Plaintiff filed his Second Amended Complaint. (Doc. 41). Per my Order, Defendants, correctly, have not responded to the Second Amended Complaint. *Id*.

Without first seeking leave to do so, Plaintiff identified three additional Defendants in his latest Complaint: Officer Walker, Mike Stone, and Tammy Stone.[5] (Doc. 41, PgID. 316).

Plaintiff also added an additional twelve counts in his Second Amended Complaint, bringing the total to twenty-two counts. (*Id*. at PgID. 340–58).

My intention in granting the Plaintiff leave to file an amendment was to give Plaintiff another—indeed, a final—opportunity to state and clarify the claims that he already alleged; not to invite the Plaintiff to add more parties and claims.

Because the Plaintiff is *pro se*, however, I allow him some leeway in his overly broad interpretation of my Order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal citations omitted).

Yet, this lenient treatment has its limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

---

[4] In other words, in this Order, I am bypassing reference to our *Pro Se* Law Clerk, which otherwise would occur under Northern District of Ohio Local Rules and operations. Given the fact that this is *pro se* Plaintiff's third effort to state one or more viable claims, I find it appropriate to handle this matter myself.

[5] He also named Heldman and Neely, whom I have already dismissed with prejudice in *Leguire I*, *supra*, and *Leguire II*, *supra*. (*Id*. at PgID. 315).

3

As I discuss below, I will dismiss certain portions of Plaintiff's Second Amended Complaint. I will order the remaining Defendants to address the remaining aspects of Plaintiff's Second Amended Complaint, as described further.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), I decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). This statement must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, *supra*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Although *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) I "cannot create a claim which a plaintiff has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (internal quotation marks omitted)).

4

**Discussion**

For similar reasons that I dismissed Heldman and Neely in *Leguire I* and *II*, *supra*, I also dismiss Eric Stearns, Dick's Towing Service, Mike Stone, and Tammy Stone.

A plaintiff bringing a § 1983 claim must allege: (1) "the deprivation of a right secured by the Constitution or laws of the United States," and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). If a plaintiff does not allege both elements, then the § 1983 claim fails. *Lausin v. Bishko*, 727 F. Supp. 2d 610, 625 (N.D. Ohio 2010). (Nugent, J.).

There are limited circumstances where an action by a private actor may be attributable to a state action. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001); *and see Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). Plaintiff fails to allege any of these circumstances here.

Plaintiff provides little information about Dick's Towing. None of the allegations involving Dick's even tangentially set forth a plausible claim that it was a state actor. The most that I can glean is that (apparently in a response to a request by City authorities) Dick's entered Plaintiff's land and towed the unregistered boat and van. This is, simply, not enough to sustain a § 1983 claim against the private company. Performing work as a contractor of a government entity does not transform a private entity into a state actor. *See Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 814-15 (2019). Accordingly, Dick's Towing is entitled to dismissal.

All that Plaintiff alleges about Sterns is that he owns Dick's Towing. The complaint is devoid of any details explaining what Sterns allegedly did that converted him from the status of a private individual operating a private entity into a state actor. *Id*. Simply owning the towing company that

5

was involved in the underlying facts of the case does not create a cause of action. Sterns is dismissed.

All that Plaintiff alleges about the Stones is that they "conspired" with Officer Walker to deprive Plaintiff of his property. (Doc. 41, PgID. 356–46). Plaintiff also claims that "the actions taken by Mike and Tammy Stone were ratified by city officials…. Who were complicit in this conspiracy." (*Id*. at PgID. 346). Plaintiff does not explain what those alleged actions were. Nor does he provide any facts (*i.e.*, the who, what, where, when, why, or how) to explain who the Stones are, or how or why they allegedly conspired, or what they allegedly conspired about. These bare-boned allegations are, simply, insufficient under § 1983. The Stones are dismissed.

## Conclusion

In conclusion, I will dismiss with prejudice Defendants Erik Sterns, Dick's Towing, Mike Stone, and Tammy Stone.

I cannot fairly (or even liberally) construe Plaintiff's complaint to allege any viable causes of action against the above-named Defendants under § 1983.

The remaining Defendants shall file a motion under Rule 12(b) addressing whether Plaintiff has stated any viable claim against them, in either their individual or official capacities. Defendants must do so no later than thirty (30) days after entry of this Order. Although I have already permitted Plaintiff multiple opportunities already, I allow Plaintiff leave to file a response, if he chooses, no later than six weeks after Defendants file their motion. Defendants may reply within fourteen (14) days of Plaintiff's opposition brief.

Accordingly, it is hereby,

ORDERED THAT:

6

1.   Heldman's motion to dismiss (Doc. 44) be, and the same hereby is, dismissed as moot and Plaintiff's motion for an extension of time to respond to Heldman's motion (Doc. 49) be, and the same hereby is, dismissed as moot.

2.   Plaintiff's motion to withdraw motion for default judgment (Doc. 47) be, and the same hereby is, granted; Plaintiff's motion for default judgment (Doc. 45) be, and the same hereby is, denied as moot;

3. Defendants Erik Sterns, Dick's Towing, Mike Stone and Tammy Stone be, and the same hereby are, dismissed with prejudice; and

4. The remaining Defendants shall file a motion under Rule 12(b), as discussed above, no later than December 12, 2024. Plaintiff may file a response no later than Tuesday, January 23, 2025, which is six weeks after Defendants file their motion. If Plaintiff files an opposition, then Defendants may reply no later than February 6, 2025.

SO ORDERED.
Date: 11/13/2024

/s/ James G. Carr
Sr. U.S. District Judge